ADAM GORDON
United States Attorney
ERIN M. DIMBLEBY
Assistant U.S. Attorney
California Bar No. 323359
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
Tel: (619) 546-6987
Fax: (619) 546-7751
Email: Erin.Dimbleby@usdoj.gov

Attorneys for Respondents

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.M. on behalf of himself and others similarly situated,<br><br>Petitioner(s),<br><br>v.<br><br>CHRISTOPHER LAROSE; et al.,<br><br>Respondents. | Case No.: 25-cv-1412-JO-AHG<br><br>**RESPONSE IN OPPOSITION TO APPLICATION FOR TEMPORARY RESTRAINING ORDER**<br><br>Date: June 9, 2025<br>Time: 2:00 p.m.<br>Judge: Hon. Jinsook Ohta |

## I. Introduction

This matter presents no case or controversy for the Court to resolve. Petitioner A.M. has brought this case in order to not be subjected to the Alien Enemies Act of 1798 and to have a credible fear interview with an asylum officer. However, Petitioner A.M. is not now and was never being processed under the Alien Enemies Act. The Immigration and Customs Enforcement (ICE) San Diego Field Office is not processing individuals under the Alien Enemies Act of 1798. On June 3, 2025, Petitioner A.M. was placed into expedited removal proceedings under 8 U.S.C. § 1225(b)(1). Petitioner A.M. has expressed an intention to apply for asylum and a fear of returning to Morocco. As such, Petitioner A.M. is being referred for an interview with an asylum officer pursuant to 8 U.S.C. § 1225(b)(A)(ii). Petitioner A.M. is not currently subject to a final order of removal and there is no removal date scheduled.

Moreover, jurisdiction over Petitioner A.M.'s claims is barred under 8 U.S.C. § 1252. Authority for habeas corpus proceedings under § 1252(e)(2) is expressly limited to three narrow questions, none of which are asserted by Petitioner. As this Court lacks jurisdiction, Petitioner A.M. is unlikely to succeed on the underlying merits, rendering preliminary injunctive relief unwarranted. The Court should accordingly deny Petitioner A.M.'s application for a temporary restraining order (TRO) and dismiss this matter.

## II. Factual Background

Petitioner A.M. is a native and citizen of Morocco. Declaration of Marielle Ceja (Ceja Decl.) ¶ 3. Petitioner A.M. entered the United States on or about January 29, 2024. On June 3, 2025, Petitioner was apprehended and detained in ICE custody and placed in expedited removal proceedings under 8 U.S.C. § 1225(b)(1). Ceja Decl. ¶ 3. An ICE deportation officer explained to Petitioner A.M. that he was placed in expedited removal proceedings. Ceja Decl. ¶ 3. Petitioner was determined to be inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I), as an immigrant not in possession of a valid entry document, and was issued a Notice of Expedited Removal under section 235(b)(1) of

the Immigration and Nationality Act (INA), 8 U.S.C. § 1225(b)(1). Exhibit 1; Ceja Decl. ¶ 4. An ICE deportation officer explained to Petitioner A.M. that he was placed in expedited removal proceedings. Ceja Decl. ¶ 3. Petitioner A.M. indicated that he has a fear of returning to Morocco. *Id.* ¶ 5. Based on Petitioner A.M.'s indication of fear of being returned to Morocco, he is being referred for a credible fear interview before a U.S. Citizenship and Immigration Services asylum officer pursuant to 8 U.S.C. § 1225(b)(A)(ii). *Id.* The process of being referred for a credible fear interview was explained to Petitioner A.M. *Id.*

Petitioner is not currently subject to a final order of removal. Ceja Decl. ¶ 6. There is no removal date scheduled. *Id.* ICE has designated Petitioner's country of removal as Morocco. *Id.* Petitioner is not being processed under the Alien Enemies Act of 1798. *Id.* ¶ 7. The ICE San Diego Field Office is not processing individuals under the Alien Enemies Act of 1798. *Id.* ¶ 8.

On June 4, 2025, Petitioner commenced this case, seeking: (1) a temporary restraining order during the pendency of this proceeding; (2) to have Respondents enjoined "from removing [Petitioner] pursuant to the [Alien Enemies Act] Proclamation"; (3) to have the Alien Enemies Act Proclamation, policy, and/practice declared unlawful; and (4) to have Respondents enjoined "from applying the [Alien Enemies Act] Proclamation to Petitioner[] without providing 30-day notice and an opportunity to respond to the designation prior to the removal date." ECF No. 1 at 14-15 (Prayer for Relief). The same day, the Court entered a Temporary Restraining Order, ordering, *inter alia*, Petitioner to serve Respondents and file proofs of service, and set a schedule for further briefing. ECF No. 2.

### III. Legal Standard

In general, the showing required for a temporary restraining order is the same as that required for a preliminary injunction. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, Inc., 240 F.3d 832, 839 (9th Cir. 2001). To prevail on a motion for a temporary restraining order, a plaintiff must "establish that he is likely to succeed on

the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); s*ee Nken v. Holder*, 556 U.S. 418, 426 (2009). Petitioners must demonstrate a "substantial case for relief on the merits." *Leiva-Perez v. Holder*, 640 F.3d 962, 967-68 (9th Cir. 2011). When "a plaintiff has failed to show the likelihood of success on the merits, we need not consider the remaining three [*Winter* factors]." *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015).

The final two factors required for preliminary injunctive relief—balancing of the harm to the opposing party and the public interest—merge when the Government is the opposing party. *See Nken*, 556 U.S. at 435. The Supreme Court has specifically acknowledged that "[f]ew interests can be more compelling than a nation's need to ensure its own security." *Wayte v. United States*, 470 U.S. 598, 611 (1985); *see also United States v. Brignoni-Ponce*, 422 U.S. 873, 878-79 (1975); *New Motor Vehicle Bd. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1351 (1977); *Blackie's House of Beef, Inc. v. Castillo*, 659 F.2d 1211, 1220-21 (D.C. Cir. 1981); *Maharaj v. Ashcroft*, 295 F.3d 963, 966 (9th Cir. 2002) (movant seeking injunctive relief "must show either (1) a probability of success on the merits and the possibility of irreparable harm, or (2) that serious legal questions are raised and the balance of hardships tips sharply in the moving party's favor.") (quoting *Andreiu v. Ashcroft*, 253 F.3d 477, 483 (9th Cir. 2001)).

### IV.   There is No Case or Controversy

First, the Court should not entertain Petitioner A.M.'s emergency motion and need not consider whether Petitioner meets the high burden necessary for preliminary relief. The emergency motion seeks a stay of removal, and that request is moot because Petitioner A.M. is not currently subject to a final order of removal and there is no removal date scheduled. Ceja Decl. ¶ 6. Federal courts do not have jurisdiction "to give opinion upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Church of*

*Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992). "A claim is moot if it has lost its character as a present, live controversy." *Rosemere Neighborhood Ass'n v. U.S. Env't Prot. Agency*, 581 F.3d 1169, 1172-73 (9th Cir. 2009). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Cnty. of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979). The Court therefore lacks jurisdiction because there is no live case or controversy remaining. *See Powell v. McCormack*, 395 U.S. 486, 496 (1969); *see also Murphy v. Hunt*, 455 U.S. 478, 481 (1982).

## V. Unlikely to Succeed on the Merits

Should the Court proceed to analyzing the *Winter* factors, a TRO is nevertheless unwarranted. Petitioner A.M.'s showing of likelihood of success on the merits is so weak that the Court need not consider the remaining *Winter* factors. *See Garcia*, 786 F.3d at 740. As Petitioner A.M. is in expedited removal proceedings under 8 U.S.C. § 1225(b)(1), Petitioner A.M. is not likely to succeed on his claims because they are statutorily barred by 8 U.S.C. § 1252 and because Respondents have already provided the relief sought.

**A.     Petitioner's Claims and Requested Relief are Barred by 8 U.S.C. § 1252**

Petitioner A.M. purports to bring various claims[1] based on allegations of Petitioner A.M. being subject to the Alien Enemies Act. However, Petitioner A.M. is not being processed under the Alien Enemies Act, he is in expedited removal proceedings under 8 U.S.C. § 1225(b)(1). Ceja Decl. ¶¶ 3, 4, 6-8.

Title 8 U.S.C. § 1225(b)(1) sets forth expedited removal proceedings for a subset of individuals who are inadmissible noncitizens, like Petitioner A.M. A noncitizen who is subject to 8 U.S.C. § 1225(b)(1) proceedings is ordered removed, unless he or she indicates an intent to apply for asylum or a fear of persecution. 8 U.S.C. §

---

[1] Most of the asserted causes of action are alleged violations of various statutes; however, there is no alleged basis that the asserted statutes provide an independent right of action, nor is there an independent jurisdictional basis for the same.

1225(b)(1)(A)(i). If an asylum officer "determines that a[] [noncitizen] does not have a credible fear of persecution, the officer shall order the [noncitizen] removed from the United States without further hearing or review." 8 U.S.C. § 1225(b)(1)(B)(iii)(I). A noncitizen may, however, seek review of an asylum officer's negative credible fear determination before an immigration judge. 8 U.S.C. § 1225(b)(1)(B)(iii)(III). "Any alien subject to the procedures under [8 U.S.C. § 1225(b)(1)(B)(iii)] shall be detained pending a final determination of credible fear of persecution and, if found not to have such a fear, until removed." 8 U.S.C. § 1225(b)(1)(B)(iii)(IV).

In general, courts lack jurisdiction to review a decision to commence or adjudicate removal proceedings or execute removal orders. *See* 8 U.S.C. § 1252(g) ("[N]o court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders."); *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 483 (1999) ("There was good reason for Congress to focus special attention upon, and make special provision for, judicial review of the Attorney General's discrete acts of "commenc[ing] proceedings, adjudicat[ing] cases, [and] execut[ing] removal orders"—which represent the initiation or prosecution of various stages in the deportation process."); *Limpin v. United States*, 828 Fed. App'x 429 (9th Cir. 2020) (holding district court properly dismissed under 8 U.S.C. § 1252(g) "because claims stemming from the decision to arrest and detain an alien at the commencement of removal proceedings are not within any court's jurisdiction").

Moreover, "[s]ection 1252(a)(2)(A) is a jurisdiction-stripping and channeling provision, which bars review of almost 'every aspect of the expedited removal process.'" *Azimov v. U.S. Dep't of Homeland Sec.*, No. 22-56034, 2024 WL 687442, at *1 (9th Cir. Feb. 20, 2024) (quoting *Mendoza-Linares v. Garland*, 51 F.4th 1146, 1154 (9th Cir. 2022) (describing the operation of § 1252(a)(2)(A)). These jurisdiction-stripping provisions cover "the 'procedures and policies' that have been adopted to

'implement' the expedited removal process; the decision to 'invoke' that process in a particular case; the 'application' of that process to a particular alien; and the 'implementation' and 'operation' of any expedited removal order." *Mendoza-Lineras*, 51 F.4th at 1155. "Congress chose to strictly cabin this court's jurisdiction to review expedited removal orders." *Guerrier v. Garland*, 18 F.4th 304, 313 (9th Cir. 2021) (finding that the Supreme Court abrogated any "colorable constitutional claims" exception to the limits placed by § 1252(a)(2)(A)); *see Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103 (2020) (holding that limitations within § 1252(a)(2)(A) do not violate the Suspension Clause). "Congress has chosen to explicitly bar nearly all judicial review of expedited removal orders concerning such aliens, including 'review of constitutional claims or questions of law.'" *Mendoza-Linares*, 51 F.4th at 1148 (citing 8 U.S.C. § 1252(a)(2)(A), (D)); *see Dept' of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 138-39 (2020) (explicitly rejecting Ninth Circuit's holding that an arriving alien has a "constitutional right to expedited removal proceedings that conform to the dictates of due process").

"Congress could scarcely have been more comprehensive in its articulation of the general prohibition on judicial review of expedited removal orders." *Mendoza-Lineras*, 51 F.4th at 1155. Specifically, Section 1252(a)(2)(A) states:

> (2) Matters not subject to judicial review
>    (A) Review relating to section 1225(b)(1)
> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to review-
>     (i) except as provided in subsection (e), any individual determination or to entertain any other cause or claim arising from or relating to the implementation or operation of an order of removal pursuant to section 1225(b)(1) of this title,
>     (ii) except as provided in subsection (e), a decision by the Attorney General to invoke the provisions of such section,
>     (iii) the application of such section to individual aliens, including the determination made under section 1225(b)(1)(B) of this title, or

> (iv) except as provided in subsection (e), procedures and policies adopted by the Attorney General to implement the provisions of section 1225(b)(1) of this title.

8 U.S.C. § 1252(a)(2)(A). Thus, "Section 1252(a)(2)(A)(i) deprives courts of jurisdiction to hear a 'cause or claim arising from or relating to the implementation or operation of an order of removal pursuant to section 1225(b)(1).'" *Azimov*, 2024 WL 687442, at *1 (quoting *Mendoza-Linares*, 51 F.4th at 1155) (citing *J.E.F.M. v. Lynch*, 837 F.3d 1026, 1031-35 (9th Cir. 2016) (concluding that the "arising from" language in neighboring § 1252(b)(9) sweeps broadly)). By challenging the standards and process, Petitioner necessarily asks the Court "to do what the statute forbids [it] to do, which is to review 'the application of such section to [them]." *Mendoza-Linares*, 51 F.4th at 1155. "And § 1252(a)(2)(A)(iv) deprives courts of jurisdiction to review 'procedures and policies adopted by the Attorney General to implement the provisions of section 1225(b)(1) of this title,' which plainly includes [Petitioner's] claims regarding how [Respondents] have implemented" § 1225(b)(1). *Azimov*, 2024 WL 687442, at *1 (citing *Mendoza-Linares*, 51 F.4th at 1154–55).

In setting forth provisions for judicial review of § 1225(b)(1) expedited removal orders, Congress expressly limited available relief: "Without regard to the nature of the action or claim and without regard to the identity of the party or parties bringing the action, no court may" "enter declaratory, injunctive, other equitable relief in any action pertaining to an order to exclude an alien in accordance with section § 1225(b)(1) of this title except as specifically authorized in a subsequent paragraph of this subsection." 8 U.S.C. § 1252(e)(1)(A). Congress delineated two limited avenues for judicial review concerning expedited removal orders: (1) narrow habeas corpus proceedings under § 1252(e)(2); and (2) challenges to the validity of the system under § 1252(e)(3). Any permissible challenge to the validity of the system "is available [only] in an action in the United States District Court for the District of Columbia . . . ." 8 U.S.C. § 1252(e)(3).

Narrow habeas corpus proceedings are expressly "limited to determinations" of three questions: (1) "whether the petitioner is an alien"; (2) "whether the petitioner was ordered removed under [section 1225(b)(1)]"; and (3) "whether the petitioner can prove by a preponderance of the evidence that the petitioner is an alien" who has been granted status as a lawful permanent resident, refugee, or asylee. 8 U.S.C. § 1252(e)(2)(A)-(C). "In determining whether an alien has been ordered removed under section 235(b)(1) [8 U.S.C. § 1225(b)(1)], the court's inquiry shall be limited to whether such an order in fact was issued and whether it relates to the petitioner. There shall be no review of whether the alien is actually inadmissible or entitled to any relief from removal." 8 U.S.C. § 1252(e)(5).

Here, Petitioner A.M. has not brought a habeas claim raising one of the three permissible bases Congress delineated for review of expedited removal orders. To the extent Petitioner is attempting to challenge being afforded an interview with a USCIS asylum officer, he is being scheduled for such an interview and such questions lay outside the scope of § 1252(e)(2) and are barred by § 1252(a)(2)(A). Accordingly, Petitioner A.M.'s claims fall outside the limited authority provided within § 1252.

**B.      Petitioner's Claims Do Not Present a Case and Controversy**

The Constitution limits federal judicial power to designated "cases" and "controversies." U.S. Const., Art. III, § 2; *SEC v. Medical Committee for Human Rights*, 404 U.S. 403, 407 (1972) (federal courts may only entertain matters that present a "case" or "controversy" within the meaning of Article III). "Absent a real and immediate threat of future injury there can be no case or controversy, and thus no Article III standing for a party seeking injunctive relief." *Wilson v. Brown*, No. 05-cv-1774-BAS-MDD, 2015 WL 8515412, at *3 (S.D. Cal. Dec. 11, 2015) (citing *Friends of the Earth, Inc. v. Laidlow Env't Servs., Inc.*, 528 U.S. 167, 190 (2000) ("[I]n a lawsuit brought to force compliance, it is the plaintiff's burden to establish standing by demonstrating that, if unchecked by the litigation, the defendant's allegedly wrongful behavior will likely occur or continue, and that the threatened injury if certainly

impending."). At the "irreducible constitutional minimum," standing requires that Plaintiff demonstrate the following: (1) an injury in fact (2) that is fairly traceable to the challenged action of the United States and (3) likely to be redressed by a favorable decision. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

Petitioner A.M. is not being processed under the Alien Enemies Act of 1798. Petitioner A.M. is being referred for an interview with an asylum officer pursuant to 8 U.S.C. § 1225(b)(A)(ii). Petitioner A.M. is not currently subject to a final order of removal and there is no removal date scheduled. Accordingly, the relief that Petitioner has requested, ECF No. 1 at 14-15 (Prayer for Relief), has already been provided and is not able to be provided by the Court.

## VI.   CONCLUSION

For the foregoing reasons, Respondents respectfully request that the Court deny the application for a temporary restraining order and dismiss this action for lack of jurisdiction.

DATED:  June 6, 2025

ADAM GORDON
United States Attorney

*s/Erin M. Dimbleby*
ERIN M. DIMBLEBY
Assistant U.S. Attorney