ADAM GORDON
United States Attorney
ERIN M. DIMBLEBY
Assistant U.S. Attorney
California Bar No. 323359
LISA M. HEMANN
Arizona Bar No. 024703
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
Tel: (619) 546-6987
Fax: (619) 546-7751
Email: Erin.Dimbleby@usdoj.gov

Attorneys for Defendants/Respondents

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| A.M. on behalf of himself and others similarly situated,<br><br>  Petitioner(s),<br><br>v.<br><br>CHRISTOPHER LAROSE; et al.,<br><br>  Respondents. | Case No.: 25-cv-1412-JO-AHG<br><br>**BRIEF IN OPPOSITION OF CLASS CERTIFICATION** |

Respondents, through counsel and in compliance with the Court's order dated June 5, 2025 (Doc. 3), hereby submit the following Brief in Opposition of Class Certification. In his Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief (hereinafter "Petition"), Petitioner-Plaintiff A.M. (hereinafter "Petitioner A.M.") seeks to bring this as a class action pursuant to Fed. R. Civ. P. 23(b)(2) on behalf of "other persons similarly situated." Doc. 1 at ¶ 37. As an initial matter, this Court should not certify a class in this case because the entire Petition is moot. *See* Response in Opposition to Application for Temporary Restraining Order ("TRO Response") at Section IV. Doc. 11. However,

even if Petitioner A.M.'s action were not moot, this Court should still not grant provisional class certification in this case because Petitioner A.M. fails to establish, and cannot establish, all the criteria for class certification under Fed. R. Civ. P. 23(a).

**A. Petitioner A.M. Cannot Satisfy His Burden Under Rule 23(a).**

"The class action is 'an exception to the unusual rule that litigation is conducted by and on behalf of the individual named parties only.'" *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348 (2011) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700-01) (1979)). The party seeking a class certification must satisfy each of the four requirements of Fed. R. Civ. P. 23(a) and at least one of the requirements of Rule 23(b). *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1124 (9th Cir. 2017). It is the plaintiff's burden to prove that he meets the requirements of Rule 23. *Olean Wholesale Grocery Cooperative, Inc. v Bumble Bee Foods, LLC*, 31 F.4th 651, 665 (9th Cir. 2022), *cert denied*, 143 S. Ct. 424 (2022). "This burden requires the plaintiff to provide sufficient facts to satisfy the four requirements of Rule 23(a) and at least one subsection of Rule 23(b) of the Federal Rules of Civil Procedure." *Cabrales v. Bae Sys. San Diego Ship Repair, Inc.*, No. 21-CV-02122-AJB-DDL, 2024 WL 4994339, at *5 (S.D. Cal. Dec. 5, 2024) (citing *Zinser v. Accufix Res. Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001), *opinion amended on denial of reh'g*, 273 F.3d 1266 (9th Cir. 2001)); *Testone v. Barlean's Organic Oils, LLC*, No. 19-CV-169 JLS (BGS), 2021 WL 4438391, at *7 (S.D. Cal. Sept. 28, 2021) (a plaintiff must "affirmatively demonstrate …[and]…be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc.") (citing *Wal-Mart*, 564 U.S. at 350).

Motions for class certification are properly raised under Fed. R. Civ. P. 23(a), which provides four prerequisites to class certification:

> (1) the class is so numerous that joinder of all members is not practicable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

2

25-cv-1412-JO-AHG

The purpose of these four prerequisites is to ensure that "the named plaintiffs are appropriate representatives of the class whose claims they wish to litigate." *Wal-Mart*, 564 U.S. at 349. It also ensures the opportunity to bring a class action is not misused or abused. *Taylor v. Sturgell*, 553 U.S. 880 (2008) (procedural safeguards of Rule 23 have overriding purpose of safeguarding interests of passive class members). To that end, courts must engage in a "rigorous analysis" when deciding whether to certify a class. *Wal-Mart*, 564 U.S. at 350-51 (internal citation omitted). The merits of a class member's substantive claim are "often highly relevant when determining whether to certify a class." *Ellis v. Costco Wholesale Corp.*, 65 F.3d 970, 981 (9th Cir. 2011).

1. *Petitioner A.M. Cannot Establish Numerosity.*

Otherwise known as the numerosity requirement, the first prerequisite to establishing a basis for class certification is that the "class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "In determining whether numerosity is satisfied, the Court may consider reasonable inferences drawn from the facts before it." *In re Yahoo Mail Litig.*, 308 F.R.D. 577, 589-90 (N.D. Cal. 2015). While there is not a precise number that is required to satisfy this prerequisite, a proposed class of 40 or more members tends to indicate that joinder is impracticable. *Rannis v. Recchia*, 380 F. App'x 646, 651 (9th Cir. 2010) ("In general, courts find the numerosity requirement satisfied when a class includes at least 40 members"); *see also Nunez v. BAE Sys. San Diego Ship Repair Inc.*, 292 F. Supp. 3d 1018, 1032 (S.D. Cal. 2017).

Here, Petitioner A.M. has not provided any facts, much less sufficient facts, supporting the number of potential class members for the class he describes. He describes the members as those persons "similarly situated who have been arrested or detained for appearing at their court hearings" and who are in "summary removal under the Proclamation contrary to the AEA, INA, and statutory protections," and who are asylum seekers. Doc. 1, ¶ 37. Petitioner A.M. does not identify any other individuals who are members of the class, nor does he provide an estimate as to the number of potential class members that exist. In fact, Respondents contest that members of such a class exist at all in this district, since the

ICE San Diego Field Office is not processing individuals under the Alien Enemies Act of 1798 ("the AEA"). *See* Declaration of Marielle Ceja ("Ceja Decl."), at ¶ 7, attached to TRO Response.

    2.    *Petitioner A.M. Fails to Establish Commonality.*

A plaintiff in a class action must present "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Courts have interpreted this section to require a minimum of only one common question of law or fact shared by the class. *Wal-Mart*, 564 U.S. at 359; *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 589 (9th Cir. 2012). The common contention "must be of such a nature that it is capable of classwide resolution—which means that the determination of its truth or falsity will resolve an issue that is central to the validity of each of the claims in one stroke." *Wal-Mart*, 564 U.S. at 350. Here, Petitioner A.M. alleges only that questions of law common to the purported class are "whether the Proclamation and its implementation violate the AEA, the INA, and the statutory protections for asylum seekers." Doc. 1, ¶ 37. Since the ICE San Diego Field Office is not processing individuals under the AEA, this singular issue fails to satisfy the requirement of commonality of issues shared by a class of individuals in this district.

    3.    *Petitioner A.M. Has Not Alleged Facts to Establish Typicality.*

The plaintiff must also present sufficient facts to demonstrate that the "claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Typicality looks at whether other class members have the same or similar injury, whether the action is based on conduct that is not unique to the named plaintiffs, and whether other class members have been injured by the same conduct. *Schwartz v Harp*, 108 F.R.D. 279, 282 (C.D. Cal. 1985). Petitioner A.M.'s Complaint contains no allegations concerning this third prerequisite and, therefore, fails to satisfy this requirement.

    4.    *Petitioner A.M. Cannot Establish Adequacy.*

The final requirement of Rule 23(a) is that the representative party must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "The adequacy

inquiry under Rule 23(a)(4) serves to uncover conflicts of interest between named parties and the class they seek to represent." *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 625 (1997). Further, "a class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members." *East Tex. Motor Freight Sys. Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977) (quoting *Schlesinger v. Reservists Comm. To Stop the War*, 418 U.S. 208, 216 (1974)). To determine if the named plaintiff adequately represents the class, courts ask: "(1) Do the representative plaintiffs and their counsel have any conflicts of interest with other class members, and (2) will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?"

As noted above, Petitioner A.M. describes the class members as individuals who have been arrested or detained at their court hearings and who are in "summary removal under the Proclamation contrary to the AEA, INA, and statutory protections," and who are asylum seekers. Doc. 1, ¶ 37. However, Petitioner A.M. is not a member of this class because he is not in "summary removal under the Proclamation contrary to the AEA, INA, and statutory protections." Rather, Petitioner A.M. is in expedited removal, a process set forth at Section 235(b)(1) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1225(b)(1). *See* Exhibit 1 to TRO Response (Doc. 11); Ceja Decl. at ¶ 3. Further, Petitioner A.M. does not have a final order of removal and is not going to be removed absent a final order of removal. Ceja Decl., ¶ 6. The expedited removal process is not "under the Proclamation contrary to the AEA, INA, and statutory protections." Finally, since each potential member of the class would have an individual case that is subject to an individualized assessment, it would be impossible for Petitioner A.M. to adequately represent the interests of each of them. For these reasons, to the extent that the class described by Petitioner A.M. exists—which Respondents dispute—Petitioner A.M. is not a part of it and could not adequately represent the interests of that class.

**B. Petitioner A.M. Cannot Establish Rule 23(b)(2) Criteria.**

Apart from being unable to satisfy the criteria under Rule 23(a), Petitioner A.M. is unable to satisfy the requirements of Rule 23(b)(2), under which he seeks to certify the class

in this case. This requirement applies where "the party opposing the class has acted or refused to act on grounds that apply generally to the class." Fed. R. Civ. P. 23(b)(2). Petitioner A.M. asserts that Respondents have subjected the class members, who are asylum seekers, to "summary removal under the Proclamation contrary to the AEA, INA, and statutory protections." Doc. 1, ¶ 37. As noted above, the ICE San Diego Field Office is not processing individuals under AEA (*see* Ceja Decl., ¶ 7), and Petitioner A.M. does not identify any other action or refusal to act that applies generally to the class.

## CONCLUSION

This Court should not certify a class in this case because the entire Petition is moot. *See* TRO Response. Petitioner A.M. has not demonstrated that he can satisfy the numerosity, commonality, typicality, and adequacy requirements of Rule 23(a); and he has not demonstrated that the Respondents have acted or failed to act in a way that applies generally to the class, as required by Rule 23(b)(2). In part, he fails to allege sufficient facts to support these requirements. More significantly, however, he is unable to establish these requirements because (1) the ICE San Diego Field Office is not processing individuals under the AEA, and (2) Petitioner A.M. is not being processed under the AEA, but rather is in expedited removal proceedings. As such, the class that Petitioner A.M. defines does not exist, and he is not a part of it.

DATED: June 6, 2025

ADAM GORDON
United States Attorney

*s/Lisa M. Hemann*
ERIN M. DIMBLEBY
LISA M. HEMANN
Assistant United States Attorneys