Emily E. Howe, State Bar No. 293964
LAW OFFICES OF EMILY E. HOWE
405 Via del Norte, Ste B
La Jolla CA 92037
Telephone: (619) 800-6605
Email: emh@howelaws.com

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.M. on behalf of himself and others similarly situated | ) Case No.: |
| | ) |
| | ) **PETITION FOR WRIT OF HABEAS** |
| Plaintiff(s), | ) **CORPUS AND COMPLAINT FOR** |
| vs. | ) **DECLARATORY AND** |
| | ) **INJUNCTIVE RELIEF** |
| | ) |
| CHRISTOPHER LAROSE, warden of | ) **[28 U.S.C. § 2241]** |
| Otay Mesa Detention Center; PAMELA | ) |
| BONDI, Attorney General of the United | ) |
| States, in her official capacity, KRISTI | ) |
| NOEM, Secretary of the U.S. | ) |
| Department of Homeland Security, in her | ) |
| official capacity; U.S. DEPARTMENT | ) |
| OF HOMELAND SECURITY, TODD | ) |
| LYONS, Acting Director of U.S. | ) |
| Immigration and Customs Enforcement, | ) |
| in his official capacity; JASON | ) |
| AGUILAR, Chief Counsel for | ) |
| Immigration and Customs Enforcement | ) |
| San Diego, SIDNEY AKI, Director of | ) |
| Field Operations, San Diego Field Office | ) |
| U.S. Customs and Border Protection, | ) |
| GREGORY J. ARCHAMBEAULT, | ) |
| Director of U.S. Immigration and | ) |
| Custom Enforcement and Removal | ) |
| Operations (ERO) San Diego; U.S. | ) |
| CUSTOMS AND IMMIGRATION | ) |
| ENFORCEMENT; CORE CIVIC | |
| Defendant(s). | |

1

PETITION FOR HABEAS AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

**INTRODUCTION**

1.    Petitioner-Plaintiff ("Petitioner") A.M.[1] is a Western Sahara ("Sahrawi") man in **immigration custody in danger of imminent removal from the United States (less than 24 hour notice) – and this court could potentially permanently lose jurisdiction.  Petitioner is in imminent danger of being transferred outside of the Southern District of California en route to removal without a notice to appear or opportunity to be heard and thus request an injunction on any transfer out of the Southern District of California, as well as a 30-day notice of any intent to remove Petitioners and the opportunity to contest any alien enemy designation or allegation against him.**

2.    A.M. is and has been a human rights defender at an internationally well-respected non-governmental organization that has presented to the United Nations, European Commission of Human Rights and other internationally renowned organizations to protect life, liberty, and democratic freedoms.

3.     A.M. has not been advised on why he is being detained, after the United States government withdrew his notice to appear in court.  He complied with the rules, notices, and appeared at his court date to present and assert his statutory rights to asylum.  Petitioner was summarily arrested as he exited the court room after the court dismissed his case upon Respondents' request, despite the court noting A.M.'s lawful right to seek asylum, withholding of removal, and/or convention against torture protections under the Immigration and Nationality Act. A.M. has requested a credible fear interview but very well may be placed on a plane to El Salvador, Sudan, or back to the country where he fled for his life from persecution, torture, and death threats, and sought fairness, due process protection, and the rule of law in the United States.

---

[1] Motion for these Petitioners to proceed under pseudonym is concurrently filed with this petition and complaint.

PETITION FOR HABEAS AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

4.    A.M. and others are being subjected to expedited removal despite stating a valid claim for asylum and credible fear of persecution the Convention against Torture. The agency's refusal to provide a meaningful credible fear determination violates procedural due process and statutory rights under 8 U.S.C. § 1158 and § 1231(b)(3)..

5.    Pursuant to Rule 65 of the Federal Rules of Civil Procedure, and the All Writs Act, Petitioner and others similarly situated hereby apply for a temporary restraining order against Respondents-Defendants ("Respondents").  Petitioner is a civil immigration detainee who is at substantial risk of immediate, summary removal from the United States.

**OVERVIEW**

6.    This is time-sensitive and urgent because the current U.S. government has been alleged to have sent asylum seekers, lawful permanent residents, and even U.S. citizens overseas without due process, and have not been able to retrieve or account for their whereabouts.

7.    In a Proclamation signed on March 14 and published on March 15, the President invoked a war power, the Alien Enemies Act of 1798 ("AEA"), to summarily remove noncitizens from the U.S. and bypass the immigration laws Congress has enacted. See Invocation of the Alien Enemies Act (Mar. 15, 2025)1 ("Proclamation"). The Proclamation targets Venezuelan noncitizens accused of being part of Tren de Aragua ("TdA"), a criminal gang. On the evening of March 15, 2025, the D.C. District Court issued an order temporarily pausing removals pursuant Proclamation of a provisionally certified nationwide class. J.G.G. v. Trump, No. 25-5067, 2025 WL 914682, at *2 (D.C. Cir. Mar. 26, 2025). That order was immediately appealed by the government, but the court of appeals denied a stay. Id.

8.    On April 7, in a 5-4 decision, the Supreme Court granted the government's application to stay the order on the basis that Petitioners had to proceed through

PETITION FOR HABEAS AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

habeas, while emphasizing that individuals who are designated under the AEA Proclamation are "entitle[d] to due process" and notice "within a reasonable time and in such manner as will allow them to actually seek habeas relief" before removal. Trump v. J.G.G., No. 24A931, 2025 WL 102409 (U.S. Apr. 7, 2025).

9.    To date, the government has not indicated the type of notice they intend to provide or how much time they will give individuals before seeking to remove them under the AEA. However, in a hearing in other jurisdictions in the Southern District of Texas on Friday, April 11, the government said they had not ruled out the possibility that individuals will receive no more than 24 hours' notice; the government did not say whether it was considering providing even less than 24 hours. In light of the Supreme Court's ruling that challenges to the Proclamation must be brought in habeas, Petitioners file this action on behalf of Petitioner in his district of confinement.  As several judges have already found, Petitioner is likely to succeed on the merits of his challenge and he is at imminent risk of removal to El Salvador, where more than 100 individuals have been sent, Sudan, or back to Morocco where he will likely torture, persecuted or killed.

10.   In April 2025, the Supreme Court ruled that immigrants even under the Alien Enemies Act are entitled to advance notice of their removal and a meaningful opportunity to challenge their deportation through legal avenues.

11.   At or about end of May of 2025, Respondents started to show up at the immigration courts at valid asylum hearings and arrest the applicants at their court hearings in San Diego, at or about 880 Front Street, Edward J. Schwartz Federal Building and U.S. Courthouse, and stating that they will remove those applicants without a notice to appear or opportunity to be heard.

12.   Petitioner is informed and believes this opaque and obfuscatory policy and practice is denying credible claims to statutory protections and subjecting eligible applicants with colorable claims to persecution, torture, or death against United States and international law.

4

PETITION FOR HABEAS AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

13.   Petitioner is advised he will be removed without his due process rights.

**JURISDICTION AND VENUE**

14.   This Court has original jurisdiction pursuant to 42 U.S.C. § 1983. Federal jurisdiction exists under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343(a)(3) and (4)(civil rights). This court has supplemental jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C.§ 1367 (a) because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.  Plaintiffs bring this action under the laws of the United States and the U.S. Constitution. This case arises under the Alien Enemies Act ("AEA"), 50 U.S.C. §§ 21-24; the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101, et seq. and its implementing regulations; the Convention Against Torture ("CAT"), see Foreign Affairs Reform and Restructuring Act of 1998 ("FARRA"), Pub. L. No. 105-277, div. G, Title XXII, § 2242, 112 Stat. 2681, 2681-822 (1998) (codified as Note to 8 U.S.C. § 1231); the All Writs Act, 28 U.S.C. § 1651, and the Fifth Amendment to the U.S. Constitution.

15.   This Court has subject matter jurisdiction under 28 U.S.C. § 2241 et seq. (habeas corpus), art. I, § 9, cl. 2 of the U.S. Constitution (Suspension Clause), 28 U.S.C. § 1346 (United States as defendant), 28 U.S.C. § 1361 (mandamus), and 28 U.S.C. § 1651 (All Writs Act).

16.   The Court may grant relief pursuant to 28 U.S.C. § 2241; 28 U.S.C. § 2243; the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq.; the All Writs Act, 28 U.S.C. § 1651; and the Court's inherent equitable powers.

17.   Venue is proper in the Southern District of California pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the  events, acts, or omissions giving rise to the claims occurred in the County of San Diego including at the time of filing Petitioner is detained in the Respondents' custody, in the Southern District of

California; Respondents JASON AGUILAR, Chief Counsel for Immigration and Customs Enforcement San Diego, SIDNEY AKI, Director of Field Operations, San Diego Field Office U.S. Customs and Border Protection, GREGORY J. ARCHAMBEAULT, are believed to reside in this district; and Respondents are agencies of the United States or officers of the United States Acting in their official capacity.

### PARTIES

#### A. Petitioners-Plaintiffs ("Petitioners")

18.   Petitioner is a 35 year Western Sahrawi man who has been a human rights Defender at an internationally well-respected non-governmental organization that has presented to the United Nations and European Commission of Human Rights who is detained at the Otay Mesa Facility in San Diego and who, having been removed, is at imminent risk of removal under the Proclamation and current practices that the Immigration and Customs Enforcement has been deploying in San Diego.

19.   A.M. is seeking asylum on the basis of his political views, membership in a social group, race-ethnicity and fear of harm, persecution, and mistreatment from the Moroccan government due to his immutable characteristics and human rights activism.

20.   A.M. is diabetic and has medical complications due to past persecution and requires access to daily medications and consistent medical care.

21.   The U.S. government has publicly stated that those with asylum claims would proceed with their credible fear and asylum rights as a matter of law.

22.   After presenting himself for his asylum hearing, he was arrested at the downtown Courthouse on June 3, 2025.

23.   He fears being deported, being unable to speak with his attorney, being denied adequate medical care, and being sent back to a country where he will be imprisoned, tortured, and likely killed by the Moroccan police since they have

PETITION FOR HABEAS AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1    done previously to him.  He fears that the Moroccan authorities will target him

2    because of his political opinion, because he and his family are known human rights

3    activists, and he was a well known national champion who refused to promote the

4    government on a national stage.

5    24.  The government did not provide notice or an opportunity to be heard on

6         why

7    he is being detained but rather plans to ship him overseas and out of this

8    jurisdiction without any due process rights.

9    25.  Plaintiff-Petitioner DOES 1-100 are others who were similarly arrested at

10   the downtown courthouse, 880 Front Street, deprived of their credible fear

11   interviews, and are at risk of being sent on an airplane out of the jurisdiction or

12   country without an opportunity to access or speak with an attorney despite their

13   credible fear claims.

14   **B. Respondents-Defendants ("Respondents")**

15   26.  Respondent CHRISTOPHER J. LAROSE is the Senior Warden at the Otay

16   Mesa Detention Center.  Respondent is a legal custodian of Petitioners.

17   27.  Respondent PAMELA BONDI is the Attorney General of the United

18       States,

19   which is a cabinet-level department of the United States Government.  She is sued

20   in her official capacity,

21   28.  Respondent KRISTI NOEM is the Secretary of the U.S. Department of

22   Homeland Security, which is a cabinet-level department of the United States

23   Government.  She is sued in her official capacity;

24   29.  Respondent U.S. DEPARTMENT OF HOMELAND SECURITY, is a

25   cabinet-level department of the United States federal government. Its components

26   include Immigration and Customs Enforcement ("ICE"). Respondent DHS is a

27   legal custodian of Petitioner.

28   30.  Respondent TODD LYONS is the Acting Director of U.S. Immigration and

PETITION FOR HABEAS AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1  Customs Enforcement. Respondent Lyons is responsible for ICE's policies,

2  practices, and procedures, including those relating to the detention of immigrants

3  during their removal procedures. Respondent Lyons is a legal custodian of

4  Petitioners. Respondent Lyons is sued in his official capacity.

5      31.    Respondent JASON AGUILAR, Chief Counsel for Immigration and

6  Customs Enforcement San Diego.  Respondent Aguilar is responsible for the

7  Office of the Principal Legal Advisor (OPLA) and ICE's policies, practices, and

8  procedures, including those relating to the detention of immigrants during their

9  removal procedures. Respondent Aguilar is believed to be a legal custodian of

10  Petitioners. Respondent Aguilar is sued in his official capacity.

11     32.    Respondent SIDNEY AKI, Director of Field Operations, San Diego Field

12  Office U.S. Customs and Border Protection. Respondent Aki is responsible for the

13  Office of the Principal Legal Advisor (OPLA) and ICE's policies, practices, and

14  procedures, including those relating to the detention of immigrants during their

15  removal procedures. Respondent Aki is a legal custodian of Petitioners.

16  Respondent Aki is sued in his official capacity.

17     33.    Respondent GREGORY J. ARCHAMBEAULT, Director of U.S.

18  Immigration and Custom Enforcement and Removal Operations (ERO) San Diego,

19  which is responsible for the detention facilities, including the Otay Messa

20  Detention Facility.  Respondent Archambeault's place of business is in the

21  Southern District of California; he is believed to reside in the County of San Diego,

22  and he is an immediate legal custodian responsible for the arrest and detention of

23  Petitioners. He is sued in his official capacity

24     34.    Respondent U.S. CUSTOMS AND IMMIGRATION ENFORCEMENT is

25  the subagency of DHS that is responsible for carrying out removal orders and

26  overseeing immigration detention. Respondent ICE is a legal custodian of

27  Petitioners.

28     35.    Respondent CORE CIVIC is the private prison company, believed to earn

PETITION FOR HABEAS AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1  multi-millions of dollars at the private detention at the Otay Mesa Detention
2  Center.  Core Civic is a legal custodian of petitioners.
3    36.  Plaintiff is informed and believes there are other Respondents DOES 1
4  through 20, who are responsible for the Office of the Principal Legal Advisor
5  (OPLA) and ICE's policies, practices, and procedures, including those relating to
6  the detention of immigrants during their removal procedures against their due
7  process rights.

8  ### C. Other Aggrieved Plaintiffs-Petitioners

9    37.  Petitioner brings this action under Federal Rules of Civil Procedure 23(a)
10  and 23(b)(2) on behalf himself and as an emergency injunctive relief claim to
11  preserve the rights of all other persons similarly situated who have been arrested or
12  detained for appearing at their court hearings, deprived the right of speaking to an
13  attorney and are being subjected to be sent overseas without notice or an
14  opportunity to be heard on their credible fear claims in the Southern District Court
15  of California. There's commonality, typicality, adequacy, and numerosity.  The
16  members are subject to a common practice: summary removal under the
17  Proclamation contrary to the AEA, INA, and the statutory protections Congress has
18  enacted.  The suit also raises questions of law common to members of the proposed
19  class, including whether the Proclamation and its implementation violate the AEA,
20  the INA, and the statutory protections for asylum seekers.  This is filed to prevent
21  the irreparable harm in which the detained will incur if they are sent overseas
22  without a notice and opportunity to be heard. The proposed class also satisfies Rule
23  23(b)(2).  Respondents have acted (or will act) on grounds generally applicable to
24  the class by subjecting them to summary removal under the Proclamation rather
25  than affording them the protection of immigration laws.  Injunctive and declaratory
26  relief is therefore appropriate with respect to the whole.

## CAUSES OF ACTION
## FIRST CLAIM FOR RELIEF

27
28

PETITION FOR HABEAS AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

**Ultra Vires, Violation of 50 U.S.C. § 21, et seq.**

**(All Respondents)**

38.    All of the foregoing allegations are repeated and realleged as if fully set forth herein.

39.    The government has not provided an explanation for its actions or the appliable law.  Notably, it has alluded to the AEA, which  does not authorize the removal of noncitizens from the United States absent a "declared war" or a "perpetrated, attempted, or threatened" "invasion or predatory incursion" into the United States by a "foreign nation or government." *See* 50 U.S.C. § 21. The Proclamation on its face mandates Petitioners' removal under the AEA where those preconditions have not been met.

40.    The AEA Process, which was purportedly established pursuant to the authority of 50 U.S.C. § 21, is not authorized by that law.

41.    The AEA (Section 21) permits removal only where noncitizens alleged to be "alien enemies" "refuse or neglect to depart" from the United States. 50 U.S.C. § 21. The AEA (Section 22) also requires the government to afford noncitizens alleged to be "alien enemies" sufficient time to settle their affairs and to depart the United States. *See* 50 U.S.C. § 22.

42.    However, Petitioners are being subject to forced removal without being afforded the privilege of voluntary departure, let alone any notice or an opportunity to respond to the designation of alien enemy.

43.    The application of the AEA and/or unstated process to Petitioners is therefore ultra vires.

## SECOND CLAIM FOR RELIEF

**Violation of 8 U.S.C. § 1101, *et seq.***

**(All Respondents)**

44.    All of the foregoing allegations are repeated and realleged as if fully set Forth herein.

PETITION FOR HABEAS AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

45.   The INA, 8 U.S.C. § 1101, *et seq.*, sets out the sole mechanisms established By Congress for the removal of noncitizens.

46.   The INA provides that a removal proceeding before an immigration judge under 8 U.S.C. § 1229a is "the sole and exclusive procedure" by which the government may determine whether to remove an individual, "[u]nless otherwise specified" in the INA. 8 U.S.C. § 1229a(a)(3).

47.   The AEA Process creates an alternative removal mechanism outside of the immigration laws set forth by Congress in Title 8.

48.   The INA's "exclusive procedure" and statutory protections apply to any removal of a noncitizen from the United States, including removals authorized by the AEA. Because the AEA Process provides for the removal of Petitioners without the procedures specified in the INA, it violates 8 U.S.C. § 1229a and the INA.

49.   As a result, the application of the AEA to Petitioners, which will result in their removal from the United States, is contrary to law.

## THIRD CLAIM FOR RELIEF

### Violation of 8 U.S.C. § 1158, Asylum

### (All Respondents)

50.   All of the foregoing allegations are repeated and realleged as if fully set forth herein.

51.   The INA provides, with certain exceptions, that "[a]ny alien who is physically present in the United States or who arrives in the United States (whether or not at a designated port of arrival and including an alien who is brought to the United States after having been interdicted in international or United States waters), irrespective of such alien's status, may apply for asylum in accordance with this section or, where applicable, section 1225(b) of this title." 8 U.S.C. § 1158(a)(1).

52.   Respondents' application of the AEA Process to Petitioners prevents them

PETITION FOR HABEAS AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1  from applying for asylum in accordance with 8 U.S.C. § 1158(a)(1), and is

2  therefore contrary to law.

3  ///

4  ///

5  ## FOURTH CLAIM FOR RELIEF

6  ### Violation of 8 U.S.C. § 1231(b)(3), Withholding of Removal

7  **(All Respondents)**

8  53.  Plaintiffs reallege all prior paragraphs of this complaint and incorporate the

9  same herein by this reference as if fully set below.

10  54.  All of the foregoing allegations are repeated and realleged as if fully set

11  forth herein.

12  55.  The "withholding of removal" statute, INA § 241(b)(3), *codified at* 8

13  U.S.C. § 1231(b)(3), bars the removal of noncitizens to a country where it is more

14  likely than not that they would face persecution.

15  56.  Respondents' AEA Process violates the withholding of removal statute

16  because it does not provide adequate safeguards to ensure that Petitioners are not

17  returned to a country where it is more likely than not they would face persecution.

18  Accordingly, Respondents' actions against Petitioners are contrary to law.

19  ## FIFTH CLAIM FOR RELIEF

20  ### Violation of the Foreign Affairs Reform and Restructuring Act of 1998

21  ### ("FARRA") codified at 8 U.S.C. § 1231 note

22  **Convention Against Torture**

23  **(All Respondents)**

24  57.  Plaintiffs realleges all prior paragraphs of this complaint and incorporate

25  the same herein by this reference.

26  58.  The United States is bound by the United Nations Convention Against

27

28

12

Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"), which prohibits returning any individual to a country where it is more likely than not that they would be subjected to torture.

59.   Article 3 of the CAT, as implemented by the Foreign Affairs Reform and Restructuring Act of 1998 (FARRA), and its regulations at 8 C.F.R. § 208.16–18, require that no person be removed to a country where they are likely to face torture at the hands of the government or with its acquiescence.

60.   Petitioner has expressed a credible and well-supported fear of torture upon return to [Country], supported by evidence including country conditions, medical/psychological documentation, affidavits, and testimony.

## SIXTH CLAIM FOR RELIEF

### *Ultra Vires*, Violation of 50 U.S.C. § 22

### (All Respondents)

61.   All of the foregoing allegations are repeated and realleged as if fully set Forth herein.

62.   The AEA requires that noncitizens whose removal is authorized by the AEA, unless "chargeable with actual hostility, or other crime against the public safety," be allowed the full time stipulated by treaty to depart or a reasonable time in which to settle their affairs before departing. *See* 50 U.S.C. § 22. The Proclamation on its face denies Petitioners any time under Section 22 to settle their affairs, because it declares everyone subject to the Proclamation to be "chargeable with actual hostility" and to be a "danger to public safety."

63.   The AEA Process thus contravenes 50 U.S.C. § 22 and is *ultra vires.*

## SEVENTH CLAIM FOR RELIEF

### Violation of Due Process Under the Fifth Amendment

### (All Respondents)

85.   Plaintiffs reallege all prior paragraphs of this complaint and incorporate the

PETITION FOR HABEAS AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

same herein by this reference as if fully set below.

86.  The U.S. Constitution prohibits arbitrary detention without prompt notices of charges or meaningful opportunity to be heard.

///

///

## EIGTH CLAIM FOR RELIEF

### Violation of Habeas Corpus

### (All Respondents)

87.  Plaintiffs realleges all prior paragraphs of this complaint and incorporate the

same herein by this reference.

88.  Detainees have the right to file petitions for habeas corpus to challenge the legality of their detention or raise other claims related to their detention or to the basis for their removal.

89.  The detention of Petitioners under the Alien Enemies Act has violated and continues to violate their right to habeas corpus. See 28 U.S.C. § 2241; U.S. Const. art. I, § 9, cl. 2 (Suspension Clause).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

A. Assume Jurisdiction over this matter;

B. That judgement be rendered in favor of Plaintiffs and against Defendants on all causes of action herein;

C. Grant injunctive relief and temporary restraining order to preserve the status quo and prevent the removal of those seeking their rights pending further proceedings;

D. Enjoin Respondents from transferring Petitioners out of this district during the pendency of this litigation without advance notice to counsel;

PETITION FOR HABEAS AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

E. Grant a writ of habeas corpus to Petitioners that enjoins Respondents from removing them pursuant to the Proclamation;

F. Enjoin Respondents from removing Petitioners pursuant to the Proclamation and/or policy they're implementing to arrest and detain without a hearing;

G. Declare unlawful the Proclamation, policy and/or practice;

H. Enjoin Respondents from applying the Proclamation to Petitioners without providing 30-day notice and an opportunity to respond to the designation prior to the removal date;

I. Award Petitioners' counsel reasonable attorneys' fees under the Equal Access to Justice Act, and any other applicable statute or regulation; and

J. Grant such further relief as the Court deems just, equitable, and appropriate.

K. Any and all other further relief as this Court deems just or proper.

DATED: June 4, 2025                                    LAW OFFICES OF EMILY E. HOWE

                                        *By /s/* Emily Howe _____
                                         Emily Howe
                                         Attorneys for Plaintiffs
                                         emh@howelaws.com

PETITION FOR HABEAS AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF