ADAM GORDON
United States Attorney
ERIN M. DIMBLEBY, SBN 323359
LISA M. HEMANN, Arizona Bar No. 024703
SAMUEL W. BETTWY, SBN 94918
MARY CILE GLOVER-ROGERS, SBN 321254
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
Tel: (619) 546-6987/6964/7215/7643
Fax: (619) 546-7751
Erin.Dimbleby@usdoj.gov
Lisa.Hemann@usdoj.gov
Samuel.Bettwy@usdoj.gov
Mary.Glover-Rogers@usdoj.gov
Attorneys for Defendants/Respondents

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.M. on behalf of himself and others similarly situated,<br><br>Plaintiff-Petitioner(s),<br><br>v.<br><br>CHRISTOPHER LAROSE; et al.,<br><br>Defendant-Respondents. | Case No.: 25-cv-1412-JO-AHG<br><br>**DEFENDANTS'** *EX PARTE* **APPLICATION TO VACATE DEFENDANTS' BRIEFING DEADLINES, SET TIME FOR DEFENDANTS' RESPONSE TO PLAINTIFFS' THIRD AMENDED COMPLAINT, AND CONVERT JUNE 18, 2025 TEMPORARY RESTRAINING ORDER AND CLASS CERTIFICATION HEARING TO A STATUS CONFERENCE** |

Defendants respectfully requests that the Court vacate the June 13, 2025 briefing schedule applicable to Defendants as set forth in the Court's June 9, 2025 minute order, ECF No. 22, set a time for Defendants to respond to Plaintiffs' third amended complaint,[1] and convert the June 18, 2025 temporary restraining order and class certification hearing, ECF No. 22, to a status conference.

The Court's June 9 order ordered Plaintiff, *inter alia*, to file a motion for temporary restraining order (TRO Motion) and a motion for provisional class certification (Class Motion). ECF No. 22. Based on the presumption that Plaintiff would file a TRO Motion and Class Motion, the Court ordered Defendants, *inter alia*, to respond to those motions by June 13, 2025, and set a hearing on the TRO Motion and Class Motion for June 18, 2025. ECF No. 22. Plaintiff has not filed a TRO Motion nor a Class Motion. Accordingly, Defendants intend to comply with the Court's June 9 order, ECF No. 22, and June 12 order, ECF No. 32, and provide a responsive notice in such compliance, *to wit* supplementing the factual record and providing additional requested information.

Additionally, while Plaintiffs' third amended complaint includes a "petition for writ of habeas" in its caption, the pleading and prayer for relief contain no allegations or requested relief that are available in habeas proceedings. As such, Plaintiffs' operative complaint should be construed as a traditional complaint, which warrants a responsive pleading deadline in accordance with Federal Rules of Civil Procedure 12(a)(2) (i.e., within 60 days after service on Defendants).[2] Defendants affirmatively allege that the traditional 60-day responsive pleading deadline permitted under the Federal Rules of Civil Procedure will enable them to provide thorough briefing on the legal and constitutional issues raised

---

[1] Although Plaintiffs' most recent complaint is captioned a "First Amended Complaint for Declaratory and Injunctive Relief; Petition for Writ of Habeas," this caption appears to be in errata. Plaintiffs filed the original petition on June 4, 2025 (ECF No. 1) and subsequently withdrew the petition to substitute a pseudonym (ECF Nos. 5, 9). Plaintiffs then filed a "Petition for Writ of Habeas Corpus and Complaint for Injunctive Relief" on June 6, 2025 (EFC No. 15) and an "Amended Petition for Writ of Habeas and Complaint for Declaratory and Injunctive Relief" on June 7, 2025 (ECF No. 18). Thus, the operative complaint filed on June 11, 2025, is Plaintiffs' third amended complaint.

[2] Defendants note that Plaintiffs have not filed proof of service of a complaint and summons. Defendants do not waive any defense or argument concerning service.

in Plaintiffs' complaint. As such, Defendants respectfully request that the Court set August 11, 2025, as the time for Defendants to file a responsive pleading.

The parties met and conferred on the instant *Ex Parte* Application. [Glover-Rogers Decl., ¶¶ 2-3.] Plaintiffs do not oppose Defendants' request to vacate the June 15, 2025 briefing schedule applicable to Defendants. At the time of this filing, despite meet and confer efforts, Plaintiffs' position is unclear as to whether they oppose Defendants' request for the Court to set a time for Defendants to respond to Plaintiffs' third amended complaint. [¶ 3.] Plaintiffs oppose Defendants' request for the Court to convert the June 18, 2025 hearing to a status conference because Plaintiffs intend to file a TRO Motion and Class Motion. [*Id.*]

For the foregoing reasons, Defendants request that the Court: (1) vacate Defendants' June 13, 2025 briefing schedule on Plaintiff's TRO Motion and Class Motion as originally set in the Court's June 9, 2025 minute order (ECF No. 22); (2) set August 11, 2025 as the time for Defendants to file a response Plaintiffs' third amended complaint; and (3) convert the June 18, 2025 temporary restraining order and class certification hearing to a status conference.

DATED: June 12, 2025

ADAM GORDON
United States Attorney

s/ *Erin M. Dimbleby*
s/ *Lisa M. Hemann*
s/ *Mary Cile Glover-Rogers*
ERIN M. DIMBLEBY
LISA M. HEMANN
SAMUEL W. BETTWY
MARY CILE GLOVER-ROGERS
Assistant U.S. Attorneys