Emily E. Howe, State Bar No. 293964
LAW OFFICES OF EMILY E. HOWE
405 Via del Norte, Ste B
La Jolla CA 92037
Telephone: (619) 800-6605
Email: emh@howelaws.com

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.M. on behalf of himself and others similarly situated<br><br>Plaintiff(s),<br><br>vs.<br><br>U.S. CUSTOMS AND IMMIGRATION ENFORCEMENT; EXECUTIVE OFFICE OF IMMIGRATION REVIEW CORE CIVIC; CHRISTOPHER LAROSE, warden of Otay Mesa Detention Center; PAMELA BONDI, Attorney General of the United States, in her official capacity, KRISTI NOEM, Secretary of the U.S. Department of Homeland Security, in her official capacity; U.S. DEPARTMENT OF HOMELAND SECURITY, TODD LYONS, Acting Director of U.S. Immigration and Customs Enforcement, in his official capacity; JASON AGUILAR, Chief Counsel for Immigration and Customs Enforcement San Diego, SIDNEY AKI, Director of Field Operations, San Diego Field Office U.S. Customs and Border Protection, GREGORY J. ARCHAMBEAULT, Director of U.S. Immigration and Custom Enforcement and Removal Operations (ERO) San Diego<br><br>                    Defendant(s). | Case No.: 25CV1412 JO AHG<br><br><br>**NOTICE OF MOTION AND MOTION FOR CLASS TEMPORARY RESTRAINING ORDER**<br><br><br>Hearing Date: June 18, 2025<br>Time: 9:30 a.m.<br>Courtroom: 4C<br>Judge: Hon. Jinsook Ohta |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that a hearing date of June 18, 2025, has been set in Courtroom 4C before the Hon. Jinsook Ohta for Plaintiffs-Petitioners' Motion for a Provisional Class for Emergency Relief, which was set for a hearing on the status of Petitioner's emergency stay and putative class , respectfully move to shorten time to incorporate the filings and file with the parties' original agreement for a joint extension for all.

Under Federal Rule of Civil Procedure 6(b), Courts are empowered to accept untimely or late filings where such delay is the result of "excusable neglect." Fed. R. Civ. P. 6(b). The Supreme Court has held that a party's failure to meet a deadline should be subject to an equitable determination and "tak[e] account of all the relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Of the factors used to consider whether neglect was excusable, one of the central factors is the reason for the delay and whether it was in the party's control and whether a party's negligence is excusable. *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 463 (8th Cir. 2000) (applying the Pioneer factors). Additionally, courts consider "the danger of prejudice to the [non-movant]" as well as "the length of the delay and its potential impact on judicial proceedings" and "whether the movant acted in good faith." *Essef Corp. v. Silivanch*, 540 U.S. 1105 (2004) (quoting *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392, 395) (1993)).

In this instance all factors favor the movant party. First, technical issues occurred during the uploading of documents from the bulk of legal observers. The delay in receiving relevant documents necessary for the motion were inadvert and rectified as quickly and efficiently as possible; the files were bulky and tech glitches presented them unreadable-unloadable.  At all times, movant has sought to act within given timelines and meet deadlines as required and in good faith not in

an attempt to delay.  Movant was addressing medical appointments and did misread the court's deadline.  Both parties had agreed that the Petitioner could have an extension until **next week to file those papers and have an extension for Defendants.**  Petitioner sought clarification and ensure that the upcoming hearing and response was not in the proposed sixty days to file a response to the amended complaint.  Defendants could not agree to file a joint motion but agreed to provide language to place in the motion.

Plaintiffs-Petitioners provided notice of the emergency request on or about June 5, 2025, and spoke again on June 12, 2025, with Defense Counsel. Counsel for Defendants confirmed that Plaintiff submit the following statement on their behalf: **"Defendants do not oppose Plaintiff's request for an extension of time to file a TRO Motion and Class Motion, i.e., an extension up through the June 18, 2025 hearing date."** Plaintiff did not oppose the conversion of a status conference but expressed that in light of the irreparable harm, will move to seek to protect others similarly situated in an emergency restraining order or injunctive relief.

The minor delay in filing would not impact or prejudice the non-moving party, and is in accordance with their previously agreed upon extension. As such, the movant sincerely apologizes for any delay or inconvenience and respectfully move to provide these filings of the status based on Plaintiffs' Motion for a Temporary Restraining Order Injunctive Relief is based on this Notice of Motion and Motion; the Memorandum in Support of Plaintiffs' Motion and all exhibits attached thereto; all papers, pleadings, records, and files in this case; all matters of which judicial notice may be taken; and such other arguments or evidence as may be presented at a hearing on this Motion.                   Respectfully submitted,

DATED: June 13, 2025                    LAW OFFICES OF EMILY E. HOWE

                                        *By /s/* Emily Howe

                                        Emily Howe, Attorney

# CERTIFICATE OF SERVICE

I hereby certify that on June 13, 2025, I electronically filed the foregoing with the Clerk for the United States District Court for the Southern District of California by using the appellate CM/ECF system.  A true and correct copy of this motion has been served via the Court's CM/ECF system on all counsel of record.

<u>/s/ Emily Howe</u>

Emily Howe, Esq.

NOTICE OF MOTION AND MOTION FOR EXCUSABLE NEGLECT