ADAM GORDON
United States Attorney
ERIN M. DIMBLEBY, SBN 323359
LISA M. HEMANN, Arizona Bar No. 024703
SAMUEL W. BETTWY, SBN 94918
MARY CILE GLOVER-ROGERS, SBN 321254
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
Tel: (619) 546-6987/6964/7215/7643
Fax: (619) 546-7751
Erin.Dimbleby@usdoj.gov
Lisa.Hemann@usdoj.gov
Samuel.Bettwy@usdoj.gov
Mary.Glover-Rogers@usdoj.gov
Attorneys for Defendants/Respondents

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.M. on behalf of himself and others similarly situated,<br><br>Plaintiff-Petitioner(s),<br><br>v.<br><br>CHRISTOPHER LAROSE; et al.,<br><br>Defendant-Respondents. | Case No.: 25-cv-1412-JO-AHG<br><br>**DEFENDANTS' NOTICE PURSUANT TO JUNE 9 AND 12 MINUTE ORDERS [ECF NOS. 22 AND 32]** |

Pursuant to the Court's minute orders dated June 9 and 12, 2025 [ECN Nos. 22 and 32], Defendants provide the following information requested by the Court, along with a Table of Exhibits filed contemporaneously herewith. At this stage of the case, Defendants maintain that there is no factual basis to support a legal inquiry into such matters given the lack of factual allegations and the conclusory nature of the claims Plaintiff has asserted. Moreover, while Plaintiff has now had three attempts to provide the factual basis and legal theories for his claim(s), there remains no case or controversy requiring resolution, nor has

Plaintiff raised issues over which the court has jurisdiction to resolve. *See* ECF No. 11.[1] Nevertheless, Defendants herein endeavor to comply with the Court's minute orders, ECF Nos. 22, 32.

## I.    Plaintiff A.M.'s Removal Proceedings

Plaintiff A.M. is a native and citizen of Morocco. ECF No. 11-1, Declaration of Marielle Ceja (Ceja Decl.) ¶ 3. On or about January 29, 2024, Plaintiff A.M. entered the United States between ports of entry at or near San Ysidro, California. Exhibit 1 at 2-3.[2] Plaintiff did not possess legal documentation to be in or enter the United States. Exhibit 1 at 3. On January 30, 2024, DHS placed Plaintiff in removal proceedings under 8 U.S.C. § 1229a and issued Plaintiff a Notice to Appear (NTA), charging Plaintiff as inadmissible under 8 U.S.C. § 1182(a)(6)(i), as an alien present in the United States who has not been admitted or paroled. Exhibit 2. On January 30, 2025, Petitioner was released from the DHS custody on an order of recognizance. Exhibit 1 at 3. On February 5, 2025, an individual merits hearing before an immigration judge (IJ) was scheduled for June 3, 2025. Exhibit 3. On May 30, 2025, the IJ issued an order noting that Plaintiff had filed late evidentiary documents and a late motion. Exhibit 4. As a result of those late filings, the IJ vacated the merits hearing and converted the June 3 hearing to a master calendar hearing to address the late filed documents. Exhibit 4. At the June 3, 2025 hearing, DHS, pursuant to 8 C.F.R. § 239.2(c), made an oral motion to dismiss Plaintiff's § 1229a removal proceedings. Exhibit 5. Over Plaintiff's objection, the IJ granted DHS's motion to dismiss. Exhibit 6. Plaintiff reserved his right to appeal the IJ's decision to the Board of Immigration Appeals (BIA). Exhibit 5. On June 4, 2025, the BIA issued three separate notices that rejected filings made by Plaintiff. Exhibits 8, 9, 10. On June 3, 2025, Plaintiff was apprehended and detained in ICE custody pursuant to the execution of a Warrant for Arrest of Alien, Form

---

[1] Defendants hereby incorporate by reference all arguments contained within their Response in Opposition to Plaintiffs' Application for Temporary Restraining Order, ECF No. 11.

[2] The attached exhibits are true copies, with minor redactions of private information, of documents obtained from ICE counsel.

25-cv-1412-JO-AHG

I-200. Exhibit 6. Plaintiff was placed in expedited removal proceedings under 8 U.S.C. § 1225(b)(1). ECF No. 11-1, Ceja Decl. ¶ 3; ECF No. 11-2. An ICE deportation officer explained to Plaintiff A.M. that he was placed in expedited removal proceedings. ECF No. 11-1, Ceja Decl. ¶ 3. Plaintiff was determined to be inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I), as an immigrant not in possession of a valid entry document, and was issued a Notice of Expedited Removal under section 235(b)(1) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1225(b)(1). ECF No. 11-1, Ceja Decl. ¶ 4; ECF No. 11-2. Plaintiff A.M. indicated that he has a fear of returning to Morocco. Ceja Decl. ¶ 5. Based on Plaintiff A.M.'s indication of fear of being returned to Morocco, he is being referred for a credible fear interview before a U.S. Citizenship and Immigration Services asylum officer pursuant to 8 U.S.C. § 1225(b)(A)(ii). *Id.* The process of being referred for a credible fear interview was explained to Plaintiff A.M. *Id.* Plaintiff is not currently subject to a final order of removal. ECF No. 11-1, Ceja Decl. ¶ 6. There is no removal date scheduled. *Id.* ICE has designated Petitioner's country of removal as Morocco. *Id.*

## II.    SD Removal Proceedings in the Southern District of California

In its June 9 Minute Order, the Court requested "information regarding ICE's practice within the Southern District of California of dismissing proceedings under Section 240 of the INA, detaining asylum seekers, and initiating removal proceedings under Section 235." ECF No. 22.  At the outset, Defendants report that the San Diego ICE Field Office (SD ICE) does not have a policy mandating that ICE convert an asylum applicant's removal proceedings brought pursuant to Section 240 of the INA ("240 proceedings") to proceedings brought pursuant to Section 235 of the INA ("expedited removal"). Rather, SD ICE follows all relevant statutes and regulations, which are further explained below.

On January 21, 2025, pursuant to 8 U.S.C. § 1225(b)(1)(A)(iii), the Acting Secretary of the Department of Homeland Security issued a notice: Designating Aliens for Expedited Removal, 90 Fed. Reg. 8139-01. That notice restored the scope of expedited removal proceedings to the full extent authorized by Congress under 8 U.S.C. § 1225(b)(1)(A). The INA provides authority for ICE to identify asylum applicants who are eligible for expedited

3

25-cv-1412-JO-AHG

removal but were improvidently placed into 240 proceedings without first having been prescreened by USCIS[3] in expedited removal. *See* 8 U.S.C. § 1225(b)(1)(A)(iii)(II). To have USCIS conduct the pre-screening, ICE must place such individuals in expedited removal proceedings under 8 U.S.C. § 1225(b).

In expedited removal proceedings, custody is mandatory. *See* 8 U.S.C. § 1225(b)(1)(B)(iii)(IV); *Matter of M-S-*, 27 I&N Dec. 509 (A.G. 2019). Based on the restoration of the scope of expedited removal proceedings, SD ICE has conducted reviews of inadmissible aliens to determine their eligibility for expedited removal under 8 U.S.C. § 1225(b)(1)(A). With respect to those inadmissible aliens that are eligible for placement in expedited removal, SD ICE conducts individualized reviews to determine whether individuals should be taken into custody to initiate expedited removal proceedings. When appropriate, SD ICE places such inadmissible aliens into custody pursuant to an arrest warrant issued under 8 U.S.C. § 1226(a) and 8 C.F.R. § 236.1(b). SD ICE does not have a policy or practice of executing arrest warrants for individuals at or during their individual merits hearings at the San Diego Immigration Court. Additionally, Plaintiff A.M.'s 240 proceedings were dismissed at a master calendar hearing, not a merits hearing.

### III.    Questions Raised in the Court's June 12 Minute Order

In its June 12 Minute Order, the Court requested that Defendants answer three additional questions: (1) "whether termination of removal proceedings under INA § 240 to place a petitioner who already has their individual merits hearing scheduled into expedited removal proceedings under INA § 235(b)(1) violates due process, their statutory right to apply for asylum, or the APA"; (2) "whether an agency can unilaterally detain a petitioner who was already granted bond by an immigration judge by terminating their underlying proceedings and initiating expedited removal proceedings"; and (3) "whether denial of access to counsel by a private detention facility contracted by the government violates the Sixth Amendment." ECF No. 32.

---

[3] Pre-screening includes, but is not limited to, law enforcement background checks and a credible fear interview before an asylum officer.

25-cv-1412-JO-AHG

1    As to the first question, Defendants maintain that there is no factual basis to support

2  a legal inquiry into such matters. Plaintiff A.M.'s 240 proceedings were dismissed at a

3  master calendar hearing, not a merits hearing, and he has been referred to USCIS for a

4  credible interview under 8 U.S.C. § 1225(b)(A)(ii). Discretionary authority exists for DHS

5  to move to terminate/commence 240 proceedings and expedited removal proceedings. *See*

6  8 U.S.C. § 1252(g) ("[N]o court shall have jurisdiction to hear any cause or claim by or on

7  behalf of any alien arising from the decision or action by the Attorney General to

8  commence proceedings, adjudicate cases, or execute removal orders."); 8 U.S.C.

9  § 1225(b)(1)(A)(iii)(II); 8 C.F.R. § 239.2(c).

10    Defendants are unable to provide a response to the Court's second question because

11  Plaintiff A.M. has not been granted bond by an immigration judge. When Plaintiff A.M.

12  was initially apprehended and placed into 240 proceedings, he was released on an order of

13  recognizance. *See* Exhibit 1. In other words, Plaintiff A.M. was never released on bond.

14  Individuals in expedited removal are subject to mandatory detention. *See* 8 U.S.C.

15  § 1225(b)(1)(B)(iii)(IV); *Matter of M-S-*, 27 I&N Dec. 509 (A.G. 2019).

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

25-cv-1412-JO-AHG

As to the third question, there is no Sixth Amendment right to counsel in the context of civil immigration proceedings. *See Pereida v. Wlkinson*, 592 U.S. 224, 242 (2021) ("But Sixth Amendment concerns are not present in the immigration context."); *Morales-Izquierdo v. Gonzales*, 486 F.3d 484, 497 (9th Cir. 2007). However, all civil immigration detainees are afforded the same access to counsel with free unmonitored phone calls and the option to schedule a call or in-person visit with their attorneys. For detainees at the Otay Mesa Detention Center, where Plaintiff is detained, attorneys are required to schedule calls and visits through CoreCivic. All information concerning how to arrange such calls or visits is publicly available and detailed online.[4] In this case, Plaintiff A.M. has not provided any factual basis to support a claim for denial of access to counsel.

DATED:  June 12, 2025

ADAM GORDON
United States Attorney

*s/ Erin M. Dimbleby*
*s/ Lisa M. Hemann*
*s/ Mary Cile Glover-Rogers*
ERIN M. DIMBLEBY
LISA M. HEMANN
SAMUEL W. BETTWY
MARY CILE GLOVER-ROGERS
Assistant U.S. Attorneys

---

[4] *See* ICE, Otay Mesa Detention Center, https://www.ice.gov/detain/detention-facilities/otay-mesa-detention-center.

25-cv-1412-JO-AHG