ADAM GORDON
United States Attorney
ERIN M. DIMBLEBY, SBN 323359
LISA M. HEMANN, Arizona Bar No. 024703
SAMUEL W. BETTWY, SBN 94918
MARY CILE GLOVER-ROGERS, SBN 321254
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
Tel: (619) 546-6987/6964/7215/7643
Fax: (619) 546-7751
Erin.Dimbleby@usdoj.gov
Lisa.Hemann@usdoj.gov
Samuel.Bettwy@usdoj.gov
Mary.Glover-Rogers@usdoj.gov
Attorneys for Defendants/Respondents

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.M. on behalf of himself and others similarly situated,<br><br>Plaintiff-Petitioner(s),<br><br>v.<br><br>CHRISTOPHER LAROSE; et al.,<br><br>Defendant-Respondents. | Case No.: 25-cv-1412-JO-AHG<br><br>**RESPONDENTS' *EX PARTE* MOTION TO VACATE TEMPORARY RESTRAINING ORDER, VACATE EVIDENTIARY HEARING, AND EXTEND BRIEFING SCHEDULE** |

Respondents respectfully request that the Court vacate the current temporary restraining order (TRO), vacate the evidentiary hearing currently scheduled for June 30, 2025, and extend the current briefing schedule.[1]

On June 18, 2025, the Court ordered Petitioner to file an amended habeas petition requesting relief associated with his then-physical detention in ICE custody. ECF No. 48. The Court also extended its TRO, first issued on June 4, 2025 (based on a habeas petition, ECF Nos. 1, 2, that was factually inaccurate, ECF No. 11). *See* ECF No. 52. In extending

---

[1] Due to the exigent nature of the fast-approaching hearing, it was impracticable to meet and confer with Petitioner on the instant *Ex Parte* Application.

the TRO, the Court relied on *O.J.M. v. Bostock*, No. 25cv944, ECF No. 8 (D. Ore. June 3, 2025) and *Ozturk v. Hyde*, 136 F.4th 382 (2nd Cir. 2025).[2] On June 18, 2025, the Court also ordered Petitioner to file a motion for preliminary injunction by 5:00 p.m. on Wednesday, June 23, 2025,[3] with the Government's response to the habeas petition and preliminary injunction motion due by 12:00 p.m. on Saturday, June 28, 2025, and Petitioner's reply by June 30, 2025. ECF No. 48. That same day, the Court directed Respondents to produce a witness for an evidentiary hearing who could testify regarding 1) the decision to terminate Petitioner's INA § 240 proceedings, detain him, and initiate INA § 235 proceedings; and 2) the decision-making process by which Respondents choose to terminate § 240 proceedings and initiate § 235 proceedings. ECF No. 48. Finally, the Court has directed Respondents to file supplemental briefing regarding asserted privileges that are implicated in the testimony directed by the Court for the June 30, 2025 evidentiary hearing by 5:00 p.m. on June 25, 2025. ECF No. 55.

As an initial matter, Respondents herein incorporate their Notice providing an explanation of the process by which Petitioner's § 240 proceedings were terminated and § 235 proceedings were initiated, and the recent activity by the San Diego ICE Field Office (SD ICE) in relation to termination of § 240 proceedings and subsequent initiation of § 235 removal proceedings. *See* ECF No. 39. Respondents further produce the Declaration of Assistant Filed Office Director (AFOD) Rodney D. Richmond, attached hereto as Exhibit 1. To the extent SD ICE has terminated an individual's § 240 proceedings and then placed that individual in § 235 proceedings, that process has been consistent with its mandated duties and in compliance with the relevant statutes and regulations.

For purposes of a TRO or preliminary injunction, a petitioner must demonstrate

---

[2] These cases are distinguishable on multiple fonts; two are briefly mentioned. In both cases, the petitioners there were in physical custody. Moreover, both cases concerned situations where the respondents did not agree to keep the petitioners in the district where the petitions were filed. Here, Petitioner is no longer in physical custody (ECF No. 53) and, prior to release, Respondents agreed and represented to not move Petitioner from this district (ECF No. 46).

[3] Respondents note that June 23, 2025 was this past Monday and Petitioner has not yet filed a motion for preliminary injunction.

"immediate threatened injury." *Caribbean Marine Services Co., Inc. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) (citing *Los Angeles Memorial Coliseum Commission v. National Football League*, 634 F.2d 1197, 1201 (9th Cir. 1980)). Merely showing a "possibility" of irreparable harm is insufficient. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). "Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with [the Supreme Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. A § 2241 habeas petition is a vehicle for a petitioner to challenge the validity of his confinement, "or to particulars affecting its duration." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam). The purpose of a habeas petition is "to release the applicant from unlawful physical confinement." *Allen v. McCurry*, 449 U.S. 90, 104 (1980). Federal courts do not have jurisdiction "to give opinion upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992). "A claim is moot if it has lost its character as a present, live controversy." *Rosemere Neighborhood Ass'n v. U.S. Env't Prot. Agency*, 581 F.3d 1169, 1172-73 (9th Cir. 2009). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Cnty. of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979). The Court therefore lacks jurisdiction because there is no live case or controversy remaining. *See Powell v. McCormack*, 395 U.S. 486, 496 (1969); *see also Murphy v. Hunt*, 455 U.S. 478, 481 (1982).

Petitioner is now in the same position he was in on June 2, 2025, and before he filed his habeas petition. *See* ECF No. 53-1. Prior to the events that gave rise to his original petition, Petitioner was in 240 proceedings pursuing an asylum claim before an immigration judge and released on an order of recognizance, i.e., not in DHS custody. *See* ECF No. 39-1, 39-2. Petitioner is again in 240 proceedings pursuing an asylum claim before an immigration judge, and also again released on an order of recognizance, i.e., not in DHS custody. *See* ECF No. 53-1.

Re-detention of Petitioner cannot occur absent changed circumstances, including a final, executable order of removal, Petitioner's unlawful activity or failure to abide by conditions of release, or other circumstances indicating that Petitioner is a flight risk or a danger to the community. *See* ECF No. 53-1 at 4. Petitioner cannot and will not be removed from the United States until he is subject to a final order of removal. *See* 8 U.S.C. § 1229a(a)(1), (3); 8 U.S.C. § 1231(a)(1)(A). He is not, and cannot, be subject to a final order of removal unless and until such order is entered by an immigration judge after full consideration of any claims for relief from removal (e.g., asylum under 8 U.S.C. § 1158, withholding of removal under 8 U.S.C. § 1231(b)(3), and relief under the Convention Against Torture). *See* 8 U.S.C. § 1229a(a)(1), (3). As Petitioner has now been processed through expedited removal proceedings (receiving a credible fear interview and positive determination), and referred to 240 proceedings, he is no longer eligible for, and cannot be subject to, expedited removal proceedings. *See* ECF No. 46-1.

Based on the foregoing, there is no need for the presence of a TRO regarding Petitioner: he is not in Respondents' custody, and Respondents cannot and will transfer him out of the Southern District of California during the pendency of his 240 proceedings. In other words, there is nothing that the TRO serves to restrain Respondents from doing. There is likewise no need for an evidentiary hearing, as Petitioner is procedurally and substantively in the same position as he was before he filed this lawsuit: in 240 proceedings, not in detention, and not facing being potentially sent to a different district. AFOD Richmond's declaration, Ex. 1, addresses the Court's remaining basis for an evidentiary hearing. Finally, the primary basis for the accelerated briefing schedule was the presumptive 14-day limit on the length of a TRO. *See* Fed. R. Civ. P. 65(b)(2). Since a TRO is unnecessary in this case, there is no urgency for expedited briefing. Additional time would allow the parties to provide this Court with more meaningful and fully-developed responses. Therefore, for all the foregoing reasons, Respondents respectfully request that the Court: (1) vacate the current TRO (ECF No. 52); (2) vacate the June 30, 2025 evidentiary hearing (ECF No. 55); and (3) extend the briefing schedule concerning

Petitioner's habeas petition, the motion for preliminary injunction, and supplemental briefing regarding asserted privileges.

DATED: June 17, 2025

ADAM GORDON
United States Attorney

*s/ Erin M. Dimbleby*
*s/ Lisa M. Hemann*
*s/ Mary Cile Glover-Rogers*
ERIN M. DIMBLEBY
LISA M. HEMANN
SAMUEL W. BETTWY
MARY CILE GLOVER-ROGERS
Assistant U.S. Attorneys