ADAM GORDON
United States Attorney
ERIN M. DIMBLEBY, SBN 323359
LISA M. HEMANN, Arizona Bar No. 024703
SAMUEL W. BETTWY, SBN 94918
MARY CILE GLOVER-ROGERS, SBN 321254
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
Tel: (619) 546-6987/6964/7215/7643
Fax: (619) 546-7751
Erin.Dimbleby@usdoj.gov
Lisa.Hemann@usdoj.gov
Samuel.Bettwy@usdoj.gov
Mary.Glover-Rogers@usdoj.gov
Attorneys for Defendants/Respondents

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| A.M. on behalf of himself and others similarly situated,<br><br>Plaintiff-Petitioner(s),<br><br>v.<br><br>CHRISTOPHER LAROSE; et al.,<br><br>Defendant-Respondents. | Case No.: 25-cv-1412-JO-AHG<br><br>**RESPONDENTS' SUPPLEMENTAL BRIEFING REGARDING JUNE 30, 2025 EVIDENTIARY HEARING** |

To the extent the Court proceeds with its evidentiary hearing set for June 30, 2025 (ECF No. 55), Respondents will produce a witness from the San Diego Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement to address the Department of Homeland Security's (DHS) decision to (1) convert Petitioner's removal proceedings brought pursuant to Section 240 of the Immigration and Nationality Act ("240 proceeding") to a proceeding brought pursuant to Section 235 of the INA ("expedited removal") and detain Petitioner pending the expedited removal proceeding; and (2) its decision-making process in determining which, and how many, individuals whose 240 proceedings have been or will be terminated to initiate expedited removal proceedings, including which cases DHS selects for review and the criteria used in determining whether DHS will pursue this course of action for a particular case.

The procedural history and basis for Petitioner's removal proceedings are set forth in Respondents' June 13 Notice and accompanying Table of Exhibits and June 20 Status Update and accompanying exhibit (ECF Nos. 39, 39-1, 53, 53-1), all of which are incorporated herein by reference. As set forth in the Declaration of Rodney D. Richmond (ECF No. 57-1), which is incorporated by reference herein, the INA provides for ICE to identify asylum applicants who are eligible for expedited removal but were improvidently placed into 240 proceedings without first having been prescreened by USCIS in expedited removal. *See* Richmond Decl., ¶ 5; *see also* 8 U.S.C. § 1225(b)(1)(A)(iii)(II). With respect to those inadmissible aliens that are eligible for placement in expedited removal, ICE conducts individualized determinations to determine whether individuals should be taken into custody to initiate expedited removal proceedings. *See* Richmond Decl., ¶ 8. Given the foregoing information produced by Respondents and scope of testimony requested of a DHS official as outlined in the Court's June 18, 2025 minute order (ECF No. 47), Respondents contend that a hearing is no longer necessary (ECF No. 57). To the extent a hearing is required, Respondents reserve their right to assert the law enforcement and/or deliberative process privileges, which is explained in the accompanying declaration of Fernando Valenzuela attached hereto as **Exhibit 1**.

"Federal common law recognizes a qualified privilege for official information" which is referred to as the law enforcement privilege. *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1990) (internal citation omitted). In analyzing applicability of this privilege, courts balance "the potential benefits of disclosure against the potential disadvantages. If the latter is greater, the privilege bars discovery." *Id.* at 1033-1034 (internal citations omitted). It is the government's burden to offer competent evidence demonstrating how the requested disclosure will harm government interests. *See Kelly v. City of San Jose*, 114 F.R.D. 653, 663, 669 (N.D. Cal. 1987).

The deliberative process privilege covers information "reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated[.]" *Dep't of Inter. v. Klamath Water Users Protective Ass'n*, 532 U.S. 1 at 8 (2001) (internal citation omitted). The purpose of the privilege is to "enhance the quality of agency decisions . . . by protecting open and frank discussion among those who make them with the Government[.]" *Id.* (internal citations and quotations omitted). This privilege includes information that is predecisional in nature or antecedent to the adoption of the agency policy and relates to the process by which policies are formulated. *United States v. Fernandez*, 231 F.3d 1240, 1246 (9th Cir. 2000) It encompasses drafts of reports that reflect the views of the author, rather than those of the agency, and whose release would "inaccurately reflect or prematurely disclose the views of the agency." *National Wildlife Fed'n v. U.S. Forest Serv.*, 861 F.2d 1114, 1119 (9th Cir. 1988) (citation omitted); *see also Maricopa Audubon Soc'y v. United States Forest Serv.*, 108 F.3d 1089, 1094 (9th Cir. 1997).

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

To the extent the evidentiary hearing proceeds, Respondents reserve their right to assert the foregoing privileges.

DATED: June 25, 2025

ADAM GORDON
United States Attorney

*s/ Erin M. Dimbleby*
*s/ Lisa M. Hemann*
*s/ Mary Cile Glover-Rogers*
ERIN M. DIMBLEBY
LISA M. HEMANN
SAMUEL W. BETTWY
MARY CILE GLOVER-ROGERS
Assistant U.S. Attorneys