# EXHIBIT 1

ADAM GORDON
United States Attorney
ERIN M. DIMBLEBY, SBN 323359
LISA M. HEMANN, Arizona Bar No. 024703
SAMUEL W. BETTWY, SBN 94918
MARY CILE GLOVER-ROGERS, SBN 321254
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
Tel: (619) 546-6987/6964/7215/7643
Fax: (619) 546-7751
Erin.Dimbleby@usdoj.gov
Lisa.Hemann@usdoj.gov
Samuel.Bettwy@usdoj.gov
Mary.Glover-Rogers@usdoj.gov
Attorneys for Defendants/Respondents

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| A.M. on behalf of himself and others similarly situated,<br><br>      Plaintiff-Petitioner(s),<br><br>v.<br><br>CHRISTOPHER LAROSE; et al.,<br><br>      Defendant-Respondents. | Case No.: 25-cv-1412-JO-AHG<br><br>**DECLARATION OF FERNANDO VALENZUELA IN SUPPORT OF DEFENDANTS'** *EX PARTE* **APPLICATION TO VACATE JUNE 23, 2025 EVIDENTIARY HEARING, OR IN THE ALTERNATIVE, MOTION FOR** *IN CAMERA* **HEARING** |

I, Fernando Valenzuela, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following statements are true and correct, to the best of my knowledge, information, and belief:

1. I am an Assistant Field Office Director (AFOD) with U.S. Immigration and Customs Enforcement, Enforcement and Removal Operations. I have been serving as AFOD since June 2024. In this role, I have direct oversite and supervise removal case management of aliens detained in DHS custody. I have been with the Department of Homeland Security (DHS) since August 2005. The following information is based on my 19 years of employment experience with DHS.

2. I understand the Court's June 18, 2025 Minute Order (ECF No. 47) requires that Defendant bring a witness from DHS who can testify regarding its decision to (1) convert Plaintiff's removal proceedings brought pursuant to Section 240 of the Immigration and Nationality Act ("240 proceeding") to a proceeding brought pursuant to Section 235 of the INA ("expedited removal") and detain Plaintiff pending the expedited removal proceeding; and (2) its decision-making process in determining which, and how many, individuals whose 240 proceedings have been or will be terminated to initiate expedited removal proceedings, including which cases DHS selects for review and the criteria used in determining whether DHS will pursue this course of action for a particular case.

3. On January 21, 2025, the Acting Secretary of the Department of Homeland Security issued a notice: Designating Aliens for Expedited Removal, 90 Fed. Reg. 8139-01. That notice restored the scope of expedited removal proceedings to the full extent authorized by Congress under 8 U.S.C. § 1225(b)(1)(A).

4. The INA provides for ICE to identify asylum applicants who are eligible for expedited removal but were improvidently placed into 240 proceedings without first having been prescreened by USCIS[1] in expedited removal. See 8 U.S.C. § 1225(b)(1)(A)(iii)(II).

---

[1] Pre-screening includes, but is not limited to, law enforcement background checks and a credible fear interview before an asylum officer.

1

25-cv-1412-JO-AHG

To have USCIS conduct the pre-screening, ICE must place such individuals in expedited removal proceedings under 8 U.S.C. § 1225(b). DHS has discretionary authority to commence 240 proceedings and expedited removal proceedings, and to move to terminate the same. *See* 8 U.S.C. § 1252(g); 8 U.S.C. § 1225(b)(1)(A)(iii)(II); 8 C.F.R. § 239.2(c).

5.   In expedited removal proceedings, custody is mandatory. *See* 8 U.S.C. § 1225(b)(1)(B)(iii)(IV); *Matter of M-S-*, 27 I&N Dec. 509 (A.G. 2019).

6.   DHS's decision-making process regarding removal enforcement efforts (including decisions as to which removal proceedings to pursue, criteria considered by DHS in determining to initiate expedited removal proceedings, and how such criteria and determination are evaluated) all necessarily contain information that is and may be used for law enforcement activities and investigations. Disclosing this information would reveal our investigatory efforts and make it more difficult to pursue leads and seek additional information about potentially unlawful activities with respect to the groups and individuals identified. Disclosure of the information also would reveal avenues of investigation pursued by DHS, sources of information utilized by DHS, and DHS's knowledge of how the identified individuals and groups operate when involved in similar activities of concern.

7.   Further, DHS's decision-making process regarding removal enforcement efforts (including decisions as to which removal proceedings to pursue, criteria considered by DHS in determining to initiate expedited removal proceedings, and how such criteria and determination are evaluated) all necessarily contain information that may reflect information reflecting advisory opinions, recommendations, and deliberations comprising part of a process by which government decisions and policies are formed.

8.   For these reasons, DHS asserts that the law enforcement privilege and/or deliberative process privilege applies to the requested topics of testimony, as set forth above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 20th day of June, 2025.

| | |
|---|---|
| 1 | FERNANDO VALENZUELA _(Digitally signed by FERNANDO VALENZUELA Date: 2025.06.20 15:10:00 -07'00')_ |
| 2 | FERNANDO VALENZUELA |
| | ASSISTANT FIELD OFFICE DIRECTOR |