ADAM GORDON
United States Attorney
ERIN M. DIMBLEBY, SBN 323359
LISA M. HEMANN, Arizona Bar No. 024703
SAMUEL W. BETTWY, SBN 94918
MARY CILE GLOVER-ROGERS, SBN 321254
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
Tel: (619) 546-6987/6964/7215/7643
Fax: (619) 546-7751
Erin.Dimbleby@usdoj.gov
Lisa.Hemann@usdoj.gov
Samuel.Bettwy@usdoj.gov
Mary.Glover-Rogers@usdoj.gov
Attorneys for Defendants/Respondents

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| A.M. on behalf of himself and others similarly situated,<br><br>Plaintiff-Petitioner(s),<br><br>v.<br><br>CHRISTOPHER LAROSE; et al.,<br><br>Defendant-Respondents. | Case No.: 25-cv-1412-JO-AHG<br><br>**RESPONDENTS' LIMITED RESPONSE IN OPPOSITION TO PETITIONER'S MOTION FOR PRELIMINARY INJUNCTION** |

On June 18, 2025, the Court order Petitioner "to file a motion for a preliminary injunction, with a memorandum of supporting law and authorities, to support any preliminary relief that he is seeking pending the resolution of these proceedings (e.g. an order to continue to enjoin his transfer out of the district pending the outcome of these habeas proceedings and/or to release him pending the outcome of his asylum proceedings)." ECF No. 48.[1] On June 25, 2025, Petitioner filed a motion for preliminary injunction. ECF No. 60. On June 26, 2025, the Court issued an order "limit[ing] the briefing and oral argument for [the preliminary injunction hearing set for July 2, 2025] only as to the likelihood of irreparable harm absent an injunction to enjoin the removal of Petitioner." ECF No. 63. Respondents respectfully submit this oppositional response to Petitioner's motion for preliminary injunction, limited as explicitly directed by the Court to the issue of "the likelihood of irreparable harm absent an injunction to enjoin the removal of Petitioner."[2] For all the reasons discussed herein, and in Respondents' previous filings,[3] the Court should deny Petitioner's request to enjoin Respondents because there is no showing of irreparable harm.

---

[1] Respondents note that they effectuated Petitioner's "immediate release from custody" as requested by Petitioner's counsel at the June 18, 2025 hearing on this matter and as memorialized in the Court's June 18, 2025 minute order. *See* ECF No. 51.

[2] Respondents submit this limited oppositional brief in strict compliance with the Court's order. *See* ECF No. 63. Respondents do not waive any defenses or arguments with this submission. To the extent that the Court is or becomes inclined to rule on any other issues or arguments, Respondents respectfully request and reserve their ability to file supplemental briefing.

[3] Respondents continued position remains that this habeas petition presents no case or controversy for this Court to resolve. A § 2241 habeas petition is a vehicle for a petitioner to challenge the validity of his confinement, "or to particulars affecting its duration." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam). The purpose of a habeas petition is "to release the applicant from unlawful physical confinement." *Allen v. McCurry*, 449 U.S. 90, 104 (1980). Federal courts do not have jurisdiction "to give opinion upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992). "A claim is moot if it has lost its character as a present, live controversy." *Rosemere Neighborhood Ass'n v. U.S. Env't Prot. Agency*, 581 F.3d 1169, 1172-73 (9th Cir. 2009). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Cnty. of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979). The Court therefore lacks jurisdiction because there is no live case or controversy remaining. *See Powell v. McCormack*, 395 U.S. 486, 496 (1969); *see also Murphy v. Hunt*, 455 U.S. 478, 481 (1982).

To prevail on a motion for preliminary injunctive relief, a plaintiff must "establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); s*ee Nken*, 556 U.S. at 426. Plaintiffs must demonstrate a "substantial case for relief on the merits." *Leiva-Perez v. Holder*, 640 F.3d 962, 967-68 (9th Cir. 2011). The final two factors required for preliminary injunctive relief—balancing of the harm to the opposing party and the public interest—merge when the Government is the opposing party. *See Nken*, 556 U.S. at 435. The Supreme Court has specifically acknowledged that "[f]ew interests can be more compelling than a nation's need to ensure its own security." *Wayte v. United States*, 470 U.S. 598, 611 (1985); *see also United States v. Brignoni-Ponce*, 422 U.S. 873, 878-79 (1975); *New Motor Vehicle Bd. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1351 (1977); *Blackie's House of Beef, Inc. v. Castillo*, 659 F.2d 1211, 1220-21 (D.C. Cir. 1981).

Importantly, Petitioner must demonstrate "immediate threatened injury." *Caribbean Marine Services Co., Inc. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) (citing *Los Angeles Memorial Coliseum Commission v. National Football League*, 634 F.2d 1197, 1201 (9th Cir. 1980)). Merely showing a "possibility" of irreparable harm is insufficient. *See Winter*, 555 U.S. at 22. "Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with [the Supreme Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. Furthermore, "speculative" injury cannot be the basis for a finding of irreparable harm. *In re Excel Innovations, Inc.*, 502 F.3d 1086, 1098 (9th Cir. 2007); *Goldie's Bookstore v. Superior Court*, 739 F.2d 466, 472 (9th Cir. 1984) ("Speculative injury does not constitute irreparable harm.").

Here, Petitioner's removal is not imminent nor is he subject to a final order of removal. *See* Declaration of Jesus M. Redondo (Redondo Decl.). On June 16, 2025, DHS issued a Notice to Appear (NTA) to Petitioner. *See id.* at ¶ 3. The NTA was filed with the immigration court, thereby commencing 240 proceedings, 8 U.S.C. § 1229a. *See* Redondo

Decl. at ¶ 3; 8 C.F.R. § 1003.14(a). Within his removal proceedings under § 1229a, Petitioner has the opportunity to apply for relief from removal with an immigration judge, including asylum under 8 U.S.C. § 1158, withholding of removal under 8 U.S.C. § 1231(b)(3), and relief under the Convention Against Torture. Redondo Decl. at ¶ 3. On June 19, 2025, Petitioner was released from DHS custody on an order of recognizance. Redondo Decl. at ¶ 4. Petitioner is now in the same position he was in on June 2, 2025, and before he filed his habeas petition. *See* ECF No. 53-1. Prior to the events that gave rise to his original petition, Petitioner was in 240 proceedings pursuing an asylum claim before an immigration judge and released on an order of recognizance, i.e., not in DHS custody. *See* ECF No. 39-1, 39-2. Petitioner is again in 240 proceedings pursuing an asylum claim before an immigration judge, and also again released on an order of recognizance, i.e., not in DHS custody. *See* ECF No. 53-1.

Petitioner cannot and will not be removed from the United States until he is subject to a final order of removal. *See* Redondo Decl. at ¶ 6; 8 U.S.C. § 1229a(a)(1), (3); 8 U.S.C. § 1231(a)(1)(A). He is not, and cannot, be subject to a final order of removal unless and until such order is entered by an immigration judge after full consideration of any claims for relief or protection from removal (e.g., asylum under 8 U.S.C. § 1158, withholding of removal under 8 U.S.C. § 1231(b)(3), and protection under the Convention Against Torture). *See* Redondo Decl. at ¶ 7; 8 U.S.C. § 1229a(a)(1), (3). Accordingly, Petitioner has not shown irreparable harm, nor can he show irreparable harm.

For the foregoing reasons, Respondents respectfully request that the Court rule that there is no showing of irreparable harm and deny Petitioner's motion for preliminary injunction.

DATED: June 27, 2025

ADAM GORDON
United States Attorney

*s/ Mary Cile Glover-Rogers*
ERIN M. DIMBLEBY
LISA M. HEMANN
SAMUEL W. BETTWY
MARY CILE GLOVER-ROGERS
Assistant U.S. Attorneys